IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. NJIRICH,

       Plaintiff,                No. CIV S-05-1550 LKK DAD P

      vs.

CDC/BPT, et al.,                 ORDER AND

       Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint in which he seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed an application to proceed in forma pauperis.

Plaintiff's in forma pauperis application includes an uncertified copy of plaintiff's trust account statement for the period of January 1, 2005, through June 22, 2005.  If this civil rights action were to proceed, plaintiff would be required to file a new in forma pauperis application that includes a certified trust account statement covering the full six-month period immediately preceding the filing of this action.  However, the court has screened plaintiff's complaint and determined that plaintiff may not proceed with the claims alleged in his complaint.

The court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or an officer or employee of a governmental entity.  28

1

1  U.S.C. § 1915A(a).  At the screening stage, the court must dismiss any claims that are legally

2  frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

3  relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  In

4  all cases in which a plaintiff is proceeding in forma pauperis, the court must dismiss claims that

5  are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary

6  relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

7       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984).  A claim must be dismissed for failure to state a claim upon which relief may be

10  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

11  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

12  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

13       In the present case, plaintiff has sued the California Department of Corrections,

14  the Board of Prison Terms, the chief commissioner of the Board of Prison Terms, and six deputy

15  commissioners.  Plaintiff seeks relief from the Board's decision to revoke his parole in 2005.

16  Plaintiff's exhibits show that plaintiff was arrested on April 23, 2005, on a charge of disorderly

17  conduct involving alcohol.  Plaintiff alleges that he was denied a fair hearing because the Board

18  did not continue the hearing to enable plaintiff to call a witness who could have showed that the

19  parole officer was using false and misleading documents and statements.  Plaintiff also cites a

20  positive drug test and alleges that the result was mistaken or was caused by the addition of an

21  interfering agent to plaintiff's urine sample.  In addition, plaintiff claims that the defendants

22  violated several of the terms of the permanent injunction ordered by this court in Valdivia v.

23  Schwarzenegger.  Plaintiff cites errors on the charge sheet, the belated addition of other charges,

24  a delay of several days in holding his probable cause hearing, and reliance on out-of-date and

25  inaccurate ADA forms.  Plaintiff seeks dismissal of the parole violation and requests that the

26  time spent in custody be deducted from his three-year parole term.  Plaintiff also requests that the

2

1    California Department of Corrections be sanctioned for its failure to comply with the terms of the

2    Valdivia injunction.

3              Plaintiff's exhibits include a copy of an order of the San Joaquin County Superior

4    Court filed on July 5, 2005, denying state habeas petitions filed by plaintiff on May 24, 2005, and

5    June 3, 2005.  It appears that plaintiff's state habeas petitions concerned parole revocation

6    proceedings in 2005 and alleged due process violations with regard to a missing witness,

7    charging errors, erroneous information presented by the parole officer, the circumstances of

8    plaintiff's arrest, and failure to take into account plaintiff's disabilities.

9              Plaintiff is advised that when a state prisoner challenges the legality of his custody

10   and the relief he seeks is a determination of his entitlement to an earlier or immediate release, his

11   sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

12   Before a state prisoner may file a federal petition for a writ of habeas corpus, the prisoner must

13   exhaust state court remedies by presenting all federal claims to the highest state court.  See

14   Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.

15   1986).  Although plaintiff appears to have presented his claims to the San Joaquin County

16   Superior Court, there is no indication that he presented his claims to the California Supreme

17   Court.  To the extent that plaintiff seeks dismissal of his parole violation and therefore release

18   from his current incarceration, plaintiff's civil rights complaint is in essence a petition for a writ

19   of habeas corpus.  If the complaint were construed as a habeas petition, the court would be

20   required to dismiss the petition for failure to exhaust available state court remedies before

21   bringing a federal habeas action.

22             Plaintiff is advised that it may be futile to exhaust state court remedies on the

23   alleged Valdivia violations.  The terms of the stipulated permanent injunction in Valdivia v.

24   Schwarzenegger, case No. CIV S-94-0671 LKK GGH P (E.D. Cal. 1994), do not provide for

25   relief after a probable cause hearing has been held, regardless of how late the hearing was

26   conducted.  Immediate release is not a remedy available for alleged violations of the Valdivia

3

1   settlement agreement.  (See Order filed in <u>Valdivia</u> on Dec. 8, 2004, and docketed as #1141,

2   denying a motion for immediate release filed by a member of the <u>Valdivia</u> class.)  To the extent

3   that plaintiff seeks to enforce the <u>Valdivia</u> settlement, he should contact class counsel, Karen

4   Kennard, at Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California

5   94111.

6            For the reasons set forth above, IT IS ORDERED that plaintiff's August 3, 2005

7   application to proceed in forma pauperis is denied; and

8            IT IS RECOMMENDED that this action be dismissed without prejudice for

9   failure to state a civil rights claim upon which relief may be granted.

10           These findings and recommendations will be submitted to the United States

11  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

12  twenty days after being served with these findings and recommendations, plaintiff may file

13  written objections with the court.  A document containing objections should be titled "Objections

14  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15  objections within the specified time may, under certain circumstances, waive the right to appeal

16  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: November 15, 2005.

18                                    _____

19                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

20  DAD:13
    njir1550.56

21

22

23

24

25

26